UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY,<br><br>     Plaintiff,<br><br> v.<br><br>ERIC EUGENE CROWL,<br><br>     Defendant. | CASE NO. C25-5251 BHS<br><br>ORDER |

  THIS MATTER is before the Court on Plaintiff Pierce County Republican Party's motions (1) for imposition of order requiring defendant to reimburse plaintiff for service fees under Federal Rule of Civil Procedure 4(d)(2), Dkt. 27; and (2) for default against defendants Eric Crowl and his nonprofit corporations, "Pierce County Republican Party," and "Washington47 PAC," Dkt. 31.

  The former motion was filed June 13, 2025, and properly noted for July 10. Defendants' response to the motion was due 15 days after the motion was filed, or Monday, June 30. Western District of Washington Local Rule (LCR) 7(d)(3). They did

ORDER - 1

not file a response. The Court may consider a party's failure to respond to a motion "an admission that the motion has merit." LCR 7(b)(2).

Plaintiff's motion for the recovery of service of process fees (and reasonable attorneys' fees) under Rule 4(d)(2)(A) and (B) does have merit, and the Court considers defendants' failure to respond to it an admission of the same. The motion is **GRANTED**, and defendants are **ORDERED** to pay plaintiff $125 in service fees and $140 in reasonable attorneys' fees within 30 days.

Plaintiff's motion for default[1] demonstrates that defendants were served June 13, 2025. Dkt. 31-1. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), defendants were required to "answer or otherwise defend" under Rule 12, within 21 days. Accounting for the July 4 Holiday and the following weekend, defendants were required to respond by Monday, July 7. Crowl filed a Rule 12(b)(6) motion to dismiss on July 8. Such a filing would normally be sufficient to avoid default, but pro se defendant Crowl does not appear to be an attorney admitted to practice in this Court, and he cannot represent any other person or entity, including his wholly owned non-profit corporations.

Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. Thus, Washington, like all federal courts, follows the common law rule that corporations appearing in court proceedings must be represented by an attorney. There is a pro se exception to this general rule, under which a

---

[1] Plaintiffs' motion includes a caption "motion for default judgment" but the motion itself and its CM/ECF entry seek only entry of default. The motion does not address a default judgment or provide a proposed order. See LCR 7(b)(1). A motion for default is a "same day" motion. LCR 7(d)(1).

ORDER - 2

person "'may appear and act in any court as his own attorney without threat of sanction for unauthorized practice.'" *Cottringer v. State, Dep't of Employment Sec.,* 162 Wn. App. 782, 787, (2011) (quoting *Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 56 (1978)).

The pro se exception is extremely limited and applies "only if the layperson is acting solely on his own behalf" with respect to his own legal rights and obligations. *Cottringer,* 162 Wn. App. at 787–88 (quoting *Wash. State Bar Ass'n*, 91 Wn.2d at 57). Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). He has no authority to appear as an attorney for anyone other than himself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953), *cert. denied*, 347 U.S. 944 (1954). *See also* LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel.").

Accordingly, the defendants "Pierce County Republican Party" and "Washington47 PAC" have not appeared, answered, or otherwise defended this action, and they are in default. Plaintiff's motion for default as to pro se defendant Crowl is **DENIED**. Its motion as to the unrepresented non-profit defendants is **GRANTED.**

The Court will address Crowl's recently filed motions, Dkts. 40, 41, and 42, in a separate order. In the meantime, he should file proposed orders for each such motion. LCR 7(b)(1). Finally, the Court acts on motions, properly noted under the civil and local rules. It does not typically respond to "notices" or "requests," like those Crowl submitted at Dkt. 29.

**IT IS SO ORDERED**.

Dated this 10th day of July, 2025.

                                              BENJAMIN H. SETTLE
                                              United States District Judge