UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY, <br><br> Plaintiff, <br><br> v. <br><br> ERIC EUGENE CROWL, et al., <br><br> Defendants. | CASE NO. C25-5251 BHS <br><br> ORDER |

THIS MATTER is before the Court on pro se defendant Eric Crowl's motions for reconsideration of (1) the Court's order awarding plaintiff Pierce County Republican Party's motion for service fees, and (2) entering default against his unrepresented nonprofit corporations. Dkts. 46 and 47.

Motions for reconsideration are disfavored and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling or (b) facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence. *See* Local Rule 7(h)(1); *see also Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted,

ORDER - 1

absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). The term "manifest error" is "an error that is plain and indisputable and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration should not be used to ask a court to rethink what the court has already thought through, whether rightly or wrongly. *See Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005). Whether or not to grant reconsideration is committed to the sound discretion of the Court. *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Crowl's motion asserts seven arguments that could and should have been raised in response to the underlying motion. Dkt. 46. He argues that the order awarding service fees was error because the Court lacks personal and subject matter jurisdiction, as he argued in his motion to dismiss. *Id*. at 1 (citing Dkt. 41). Crowl has not established a lack of jurisdiction, and his arguments should have been made in response to plaintiff's motion. LCR 7. His arguments about the "service immunity doctrine" are conclusory and

unpersuasive. His claim that the Court should have evaluated his "good cause" for failing to accept service makes no sense in light of the fact he did respond to the motion and did not demonstrate such good cause.

It is well established that pro se litigants are not held to the same standard as licensed attorneys. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). Regardless of technical deficiencies, a pro se litigant's pleading—his complaint, if he is the plaintiff—should be judged only by function, not form. *Id.* This rule is almost uniformly applied when a pro se plaintiff is seeking to proceed *in forma pauperis* or is defending a motion to dismiss. But the rule of liberal construction does not apply to a pro se litigant's own motions; a pro se plaintiff is not immune from the rules of civil procedure. A pro se litigant "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925–28 (9th Cir. 2012).

Litigants who fail to respond to motions are unlikely to prevail on a follow-on motion for reconsideration, even if they are pro se. The Court already explained that it acts on motions, and timely responses to them; not on "notices." Crowl's motion for reconsideration of the order awarding $265 dollars in fees and costs is **DENIED**.

Crowl's second motion for reconsideration does not dispute that he cannot represent his nonprofits, or that they are in default. Instead, it raises premature concerns that a default judgment against them might bind *him*. Dkt. 47. This is a reason to obtain counsel and defend the case, not a reason to effectively allow him to represent the

1  nonprofit defendants notwithstanding the clear rules against such a course. Crowl's

2  motion for reconsideration of the order of default as to his nonprofit entities is **DENIED**.

3      **IT IS SO ORDERED**.

4      Dated this 14th day of July, 2025.

                                          BENJAMIN H. SETTLE
                                          United States District Judge