UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

PIERCE COUNTY REPUBLICAN PARTY, an unincorporated association,

Plaintiff,

v.

ERIC CROWL, an individual,

PIERCE COUNTY REPUBLICAN PARTY, a nonprofit corporation,

& WASHINGTON 47 PAC, a nonprofit corporation.

Defendants.

Case No. 3:25-CV-05251-BHS

RESPONSE TO MOTION TO DISQUALIFY CONNER EDWARDS AS COUNSEL FOR PLAINTIFF

COMES NOW PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY, by and through their counsel of record Conner Edwards, and respectfully submits this RESPONSE TO MOTION TO DISQUALIFY CONNER EDWARDS AS COUNSEL FOR PLAINTIFF.

## I. RESPONSE

Defendant Crowl's latest motion is the latest in an unending series of meritless motions intended to waste his opponent's time/money/energy and prevent the Court from reaching the merits of this case.

Defendant's Motion to Disqualify is an attempt to engage in legal bootstrapping: abusive, conspiratorial factual claims in collateral cases are offered as the basis for new frivolous motions.

RESPONSE TO MOTION TO DISQUALIFY CONNER EDWARDS AS COUNSEL FOR PLAINTIFF- 1

Moreover, Defendant Crowl has not articulated a prima facie case that Plaintiff's counsel has violated Rules of Professional Conduct 1.7, 1.13, or 3.7.

Furthermore, the preamble to the Rules of Professional Conduct actually address Defendant Crowl's attempted weaponization of the Rules of Professional Conduct here:

> *"Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. In addition, violation of a Rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule."*

We will remind the Court that this case concerns whether or not Defendant Crowl violated the Lanham Act and the Washington Consumer Protection Act. With his motion, Defendant Crowl is trying to pull in a constellation of conspiracies that are not really relevant to the facts at issue in this case.

Following the process outline in FRCP 11(c)(2), Plaintiff PCRP intends to file a motion for sanctions against Defendant Crowl if his motion is not withdrawn within 21 days.

## II. CONCLUSION

Defendant Crowl is an unending fountain of frivolous legal filings that are intended to waste the time, money, and energy of his opponents. In the last 8 months, Defendant Crowl has filed no less than 4 lawsuits against the officers, process server, and even the attorney of

RESPONSE TO MOTION TO DISQUALIFY CONNER EDWARDS AS COUNSEL FOR PLAINTIFF- 2

the PCRP. The filings made in this case are part of a larger modus operandi. If the Court does not use its sanction powers to curtail these frivolous filings, they will continue indefinitely.

For the foregoing reasons, we respectfully request that the Court DENY Defendant Crowl's Motion to Disqualify Counsel.

DATED this August 4, 2025

CG EDWARDS PLLC

_____
**Conner Edwards, WSBA No. 62961**
**Attorney for Plaintiff PCRP**

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of the foregoing RESPONSE TO MOTION TO DISQUALIFY COUNSEL and accompanying documents to ERIC CROWL, at 10002 112th St SW, Lakewood, WA 98498, postage prepaid.

**August 4, 2025**
**Date**

_____
**Conner Edwards, WSBA No. 62961**
**Attorney for Plaintiff Pierce County Republican Party**

RESPONSE TO MOTION TO DISQUALIFY CONNER EDWARDS AS COUNSEL FOR PLAINTIFF- 3