|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| WESTERN DISTRICT OF WASHINGTON | |

PIERCE COUNTY REPUBLICAN PARTY )
(an unincorporated association) )  **Case No:** 3:25-cv-05251-BHS
)
       *Plaintiff,* )
) **SPECIAL MOTION FOR**
   v. ) **EXPEDITED RELIEF**
)
ERIC CROWL ) **NOTED FOR CONSIDERATION:**
(*an individual*), ) 9/15/2025 1:30 PM
)
PIERCE COUNTY REPUBLICAN PARTY ) **PURSUANT TO:**
(a *nonprofit corporation*), ) RCW 4.105
)
WASHINGTON47 PAC )
(*a nonprofit corporation*), )
)
       *Defendants* )
)

## I. INTRODUCTION

**COMES NOW, Defendant,** Eric Crowl, appearing pro se, and respectfully moves this Court for expedited relief pursuant to the Uniform Public Expression Protection Act (UPEPA), codified at RCW 4.105, with respect to the state law claims under the Washington Consumer Protection Act (RCW 19.86) alleged in the First Amended Complaint (Doc. 15). This motion is brought under the Erie doctrine, which mandates the application of Washington state substantive law in diversity or supplemental jurisdiction cases. Henceforth, all discovery in this matter is statutorily paused pursuant to RCW 4.105.040 pending resolution of this motion.

## II. STATEMENT OF FACTS

1. **Plaintiff:** The Plaintiff, Pierce County Republican Party ("PCRP"), is an unincorporated, bona fide county political party within the meaning of RCW 42.17A.005(6)(c), as alleged in the First Amended Complaint (Doc. 15).

2. **Defendants:** The active Defendants include Eric Crowl, an individual. Defendants in Default are the Pierce County Republican Party, a nonprofit corporation; and Washington47 PAC, a nonprofit corporation (Docs. 32-38, 49).

3. **Protected Speech:** The use of the name "Pierce County Republican Party" by Defendant has been a protected speech exercise, as evidenced by the Declarations of Andréa Delaplane (Doc. 32), Andrew Olson (Doc. 33), Bradley Chaney (Doc. 34), Craig Fletcher (Doc. 35), Dawn Houghton (Doc. 36), Robert Francis Saxton (Doc. 37), Shannon Zimmerly (Doc. 38), and Eric Crowl (Doc. 49). This use includes:

- Bringing public attention to Plaintiff's failure to register and secure its namesake(s); and
- Engaging in mockery, parody, and criticism of Plaintiff.

4. **No Commercial Activity:** All Declarations affirm that Defendant has not conducted any trade, including solicitation, production, manufacture, or sale of goods or services, while claiming to be Plaintiff.

5. **Public Disclosure:** Defendant has clearly presented, posted, published, and repeatedly explained in a public manner that any use of the name is not affiliated with Plaintiff, nor is int statutorily infringing.

### III. LEGAL STANDARD

1. **UPEPA Framework:** Under RCW 4.105.030, a defendant may file a special motion for expedited relief to dismiss claims based on protected public expression. The defendant must make a prima facie showing that the claim arises from an act in furtherance of free speech on a public issue (RCW 4.105.010(2)). The burden then shifts to the plaintiff to demonstrate with prima facie evidence that: (a) the act was not protected; (b) the claim has a substantial basis in law; or (c) the plaintiff would suffer irreparable injury without injunctive relief.

2. **Erie Doctrine:** In federal court, the Erie doctrine requires the application of state substantive law, including UPEPA, to state law claims (Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).

3. **Washington Consumer Protection Act:** RCW 19.86.020 requires proof of: (a) an unfair or deceptive act or practice; (b) occurring in trade or commerce; (c) affecting the public interest; (d) injuring the plaintiff's business or property; and (e) a causal link between the act and the injury.

4. **Discovery Pause:** RCW 4.105.040 mandates an automatic stay of discovery upon filing a special motion under UPEPA, which is currently in effect.

## IV. ARGUMENT

1. **Protected Expression Under UPEPA:** Defendants' use of the name "Pierce County Republican Party" constitutes protected speech under RCW 4.105.010(2), as supported by the Declarations (Docs. 32-38, 49), satisfying the initial burden under RCW 4.105.030.

2. **Failure to Meet Elements of State Claims:** The Plaintiff's claim under RCW 19.86 fails to meet the required elements, as:

- The use was expressive, not deceptive;
- No trade or commerce was involved;
- The public interest is not adversely affected given the disclosed intent;
- No injury to Plaintiff's business or property is shown due to the lack of commercial activity; and
- No causal link exists absent trade.

3. **Statutory Pause of Discovery:** Pursuant to RCW 4.105.040, all discovery is statutorily paused, reinforcing the expedited nature of this motion and protecting Defendants from undue burden pending resolution.

## V. CONCLUSION

Based on the foregoing, Defendant Eric Crowl respectfully requests that this Court grant the Special Motion for Expedited Relief and dismiss the state law claims under the Washington Consumer Protection Act (RCW 19.86) with prejudice.

## VI. RELIEF REQUESTED

**WHEREFORE,** Defendant, Eric Crowl, respectfully requests that this Court:

**(i)** Grant the Special Motion for Expedited Relief pursuant to RCW 4.105;

**(ii)** Dismiss the state law claims under the Washington Consumer Protection Act (RCW 19.86) with prejudice;

**(iii)** Award any other relief the Court deems just and proper.

**DATED this 8th day of September, 2025.**

**Respectfully Submitted,**
/s/ Eric Eugene Crowl
**Eric Crowl, Defendant, Pro Se**