**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLIC PARTY ) <br> (an unincorporated association) ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERIC CROWL ) <br> (*an individual*), ) <br> ) <br> PIERCE COUNTY REPUBLICAN PARTY ) <br> (*a nonprofit corporation*), ) <br> ) <br> WASHINGTON47 PAC ) <br> (*a nonprofit corporation*), ) <br> ) <br> Defendants ) <br> _____) | **Case No:** 3:25-cv-05251-BHS <br><br> **PROPOSED ORDER GRANTING:** <br> **SPECIAL MOTION FOR** <br> **EXPEDITED RELIEF** |

This matter comes before the Court on Defendant Eric Crowl's Special Motion for Expedited Relief pursuant to RCW 4.105, filed on September 8, 2025. Having reviewed the motion, supporting declarations (Docs. 32-38, 49), and the applicable law, the Court finds as follows:

1. **Findings of Fact:** The Court adopts the Statement of Facts as presented in Defendant's motion, including that Defendant's use of the name "Pierce County Republican Party" constitutes protected speech under RCW 4.105.010(2), involving public commentary and parody, with no commercial activity or statutory infringement.

2. **Legal Standard:** Under RCW 4.105.030, Defendant has made a prima facie showing that the claim arises from protected public expression. Plaintiff has not provided prima facie evidence to demonstrate that the act was unprotected, the claim has a substantial basis in law, or that irreparable injury would occur without injunctive relief.

3. **Erie Doctrine:** The Court applies Washington state substantive law, including the Uniform Public Expression Protection Act (UPEPA), to the state law claims under the Washington Consumer Protection Act (RCW 19.86) pursuant to Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

4. **Failure of State Claims:** Plaintiff's claim under RCW 19.86 fails to meet the required elements, as the use was expressive, not deceptive; no trade or commerce was involved; public interest is not adversely affected; no injury to Plaintiff's business or property is shown due to the lack of commercial activity; and no causal link exists absent trade.

5. **Discovery Pause:** Pursuant to RCW 4.105.040, all discovery remains statutorily paused pending resolution of this motion.

**ORDER**

**IT IS HEREBY ORDERED** that:

1. Defendant Eric Crowl's Special Motion for Expedited Relief pursuant to RCW 4.105 is **GRANTED**.

2. The state law claims under the Washington Consumer Protection Act (RCW 19.86) alleged in the First Amended Complaint (Doc. 15) are **DISMISSED** with prejudice.

3. Any other relief deemed just and proper is reserved for further consideration.

**DATED this 15th day of September, 2025.**

/s/ _____

**United States District Judge**