UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association) | Case No: 3:25-cv-05251-BHS |
| Plaintiff, | |
| v. | MOTION FOR SUMMARY JUDGMENT |
| ERIC CROWL (*an individual*), | NOTED FOR CONSIDERATION: 9/22/2025 1:30 PM |
| PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*), | PURSUANT TO: FRCP 56 |
| WASHINGTON47 PAC (*a nonprofit corporation*), | |
| Defendants | |

### I. INTRODUCTION

**COMES NOW, Defendant**, Eric Crowl, appearing pro se, and respectfully moves this Court for summary judgment pursuant to Federal Rule of Civil Procedure 56 on all claims asserted against him in the First Amended Complaint (Doc. 15), including the federal claim under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and the state law claim under the Washington Consumer Protection Act (RCW 19.86). This motion is supported by the pleadings and the Declarations of Andréa Delaplane (Doc. 32), Andrew Olson (Doc. 33), Bradley Chaney (Doc. 34), Craig Fletcher (Doc. 35), Dawn Houghton (Doc. 36), Robert Francis Saxton (Doc. 37), Shannon Zimmerly (Doc. 38), and Eric Crowl (Doc. 49).

### II. STATEMENT OF FACTS

**1. Plaintiff:** The Plaintiff, Pierce County Republican Party ("PCRP"), is an unincorporated association alleging it is a bona fide county political party under RCW 42.17A.005(6)(c) (Doc. 15).

2. **Defendant:** Eric Crowl is an individual and elected Precinct Committee Officer for District 28-556 in Pierce County, Washington (Doc. 49).

3. **Use of Name:** Defendant's use of the name "Pierce County Republican Party," along with other Defendants, has been a protected speech exercise to highlight Plaintiff's failure to register its namesake and to engage in parody and criticism, as evidenced by the Declarations of Eric Crowl (Doc. 49), Andréa Delaplane (Doc. 32), Andrew Olson (Doc. 33), Bradley Chaney (Doc. 34), Craig Fletcher (Doc. 35), Dawn Houghton (Doc. 36), Robert Francis Saxton (Doc. 37), and Shannon Zimmerly (Doc. 38).

4. **No Commercial Activity:** All Declarations affirm that Defendant Eric Crowl and other Defendants have not engaged in trade, including solicitation, production, manufacture, or sale of goods or services, while using the name (Docs. 32-38, 49).

5. **Public Disclosure:** Defendant Eric Crowl and other Defendants have publicly disclosed that their use of the name is not affiliated with Plaintiff, as consistently stated in the Declarations (Docs. 32-38, 49).

### III. LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" (Fed. R. Civ. P. 56(a)). The moving party must demonstrate the absence of a genuine issue of material fact (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The non-moving party must then present specific facts showing a genuine issue for trial, beyond mere allegations or denials (Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986)). The court views the evidence in the light most favorable to the non-moving party but grants summary judgment if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party (Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## IV. ARGUMENT

**A. Federal Claim: Lanham Act (15 U.S.C. § 1125(a))**

Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) addresses trademark infringement and unfair competition, applicable to unregistered marks. To prevail, the Plaintiff must prove:

1. **Ownership of a Valid Mark:** The mark must be distinctive (inherently or via secondary meaning) and used in commerce.

2. **Likelihood of Confusion:** The defendant's use must create a likelihood of confusion among consumers. Defendant has met his burden under Celotex by showing the absence of genuine issues of material fact: Plaintiff has not demonstrated that "Pierce County Republican Party" is a registered or distinctive mark used in commerce, nor has it shown secondary meaning. No evidence supports consumer confusion, given the public disclosure of non-affiliation by Defendant Eric Crowl and other Defendants (Docs. 32-38, 49). Plaintiff has not presented specific facts to counter this, failing to meet its burden under Anderson. Thus, summary judgment is warranted as the record could not lead a rational trier of fact to find for Plaintiff (Matsushita).

**B. State Claim: Washington Consumer Protection Act (RCW 19.86)**

To prevail under the Washington Consumer Protection Act (RCW 19.86.020), Plaintiff must prove: (a) an unfair or deceptive act or practice; (b) occurring in trade or commerce; (c) affecting the public interest; (d) injuring the plaintiff's business or property; and (e) a causal link between the act and the injury. Defendant has demonstrated the absence of genuine disputes under Celotex:

1. The use by Defendant Eric Crowl and other Defendants was expressive, not deceptive (Docs. 32-38, 49).

2. No trade activity occurred, as confirmed by all Declarations.

3. The disclosed intent negates public harm (Docs. 32-38, 49).

**4.** No injury is shown due to the lack of commercial activity.

**5.** Absent trade, no causal link exists. Plaintiff's failure to provide specific evidence, as required by Matsushita, fails to create a triable issue, entitling Defendant to summary judgment.

**C. Unavailability of Injunctive, Declaratory, and Costs/Fees Relief**

Plaintiff seeks injunctive relief, declaratory relief, and costs and fees (Doc. 15). However, these remedies are unavailable because:

**1. Injunctive Relief:** No irreparable harm is shown, as no commercial activity or confusion exists (Docs. 32-38, 49).

**2. Declaratory Relief:** The absence of a live controversy, given the expressive use and public disclosure, precludes declaratory judgment, as there is no actual case or controversy (MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126-27 (2007)).

**3. Costs and Fees:** No prevailing party status or statutory basis exists under the Lanham Act or RCW 19.86 absent a valid claim (15 U.S.C. § 1117; RCW 19.86.090). Defendant seeks declaratory relief to affirm these points.

**D. Effect of Default on Other Defendants for Defendant**

**1.** Claims against all Defendants (Eric Crowl, Pierce County Republican Party, and Washington47 PAC) involve joint and several liability—such as under the Lanham Act (15 U.S.C. § 1125(a)) or the Washington Consumer Protection Act (RCW 19.86). A default judgment against some defendants could prejudice the non-defaulting defendant (Eric Crowl) by establishing liability that might contradict his successful defense. Courts may delay default judgments to avoid duplicative proceedings or the need to revisit issues if the non-defaulting defendant prevails, promoting efficiency (In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001)).

**V. CONCLUSION**

Based on the undisputed facts in the Declarations (Docs. 32-38, 49) and the legal standards, no genuine issues of material fact remain, and Defendant Eric Crowl is entitled to judgment as a matter of law on both claims; and no such default judgment should be entered upon other Defendants in this case until such adjudication on this matter of summary judgment is quieted.

## VI. RELIEF REQUESTED

**WHEREFORE,** Defendant, Eric Crowl, respectfully requests that this Court:

**(i)** Stay any issuance of default judgment against any other defendant until this matter is resolved; and

**(ii)** Grant summary judgment pursuant to Federal Rule of Civil Procedure 56; and

**(iii)** Dismiss the federal claim under the Lanham Act (15 U.S.C. § 1125(a)) and the state claim under the Washington Consumer Protection Act (RCW 19.86) against Defendant Eric Crowl with prejudice; and

**(iv)** Issue a declaratory judgment that injunctive relief, further declaratory relief, and awards of costs and fees are unavailable to Plaintiff;

**(v)** Issue declaratory judgment that joint and several liability is moot under summary judgment.

**(vi)** Award any other relief the Court deems just and proper.

**DATED this 8th day of September, 2025.**

**Respectfully Submitted,**
/s/ Eric Eugene Crowl
**Eric Crowl, Defendant, Pro Se**