**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY ) <br> (*an unincorporated association*) ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> ERIC CROWL ) <br> (*an individual*), ) <br> ) <br> PIERCE COUNTY REPUBLICAN PARTY ) <br> (*a nonprofit corporation*), ) <br> ) <br> WASHINGTON47 PAC ) <br> (*a nonprofit corporation*), ) <br> ) <br> *Defendants* ) <br> _____ ) | **Case No:** 3:25-cv-05251-BHS <br><br> **PROPOSED ORDER GRANTING:** <br> **MOTION FOR SUMMARY JUDGMENT** |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Defendant Eric Crowl's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, noted for consideration on September 22, 2025, at 1:30 PM. Having reviewed the motion, supporting declarations (Docs. 32-38, 49), and applicable law, the Court finds as follows:

1. **Factual Background:** The undisputed facts, as supported by the declarations, establish that Defendant Eric Crowl is an elected Precinct Committee Officer and an individual, that his use of the name "Pierce County Republican Party" is expressive speech highlighting the Plaintiff's failure to register and engaging in parody and criticism, that no commercial activity has occurred, and that non-affiliation with Plaintiff has been publicly disclosed.

2. **Legal Standard:** Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

3. **Federal Claim (Lanham Act, 15 U.S.C. § 1125(a)):** Plaintiff has not demonstrated ownership of a valid, distinctive mark used in commerce or a likelihood of consumer confusion. Defendant has met his burden, and Plaintiff has not presented specific facts to create a triable issue. Summary judgment is granted.

4. **State Claim (Washington Consumer Protection Act, RCW 19.86):** Plaintiff has not shown an unfair or deceptive act in trade or commerce, public interest impact, or injury. Defendant's expressive use, lack of trade activity, and disclosed intent negate Plaintiff's claims. Summary judgment is granted.

5. **Remedies:** No injunctive or declaratory relief is warranted due to the absence of irreparable harm or a live controversy. Costs and fees are unavailable absent a prevailing party status or statutory basis.

6. **Effect of Default:** The Court stays any default judgment against other defendants until this summary judgment is resolved to avoid prejudice to Defendant Crowl and promote judicial efficiency.

**ORDER**

**WHEREFORE, IT IS HEREBY ORDERED** that:

**(i)** The issuance of default judgment against any other defendant is stayed until this matter is resolved as not to unfairly prejudice Defendant Eric Crowl; and

**(ii)** Defendant Eric Crowl's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 is **GRANTED**; and

**(iii)** The federal claim under the Lanham Act (15 U.S.C. § 1125(a)) and the state claim under the Washington Consumer Protection Act (RCW 19.86) against Defendant Eric Crowl are **DISMISSED** with prejudice; and

**(iv)** Declaratory judgment is issued that injunctive relief, further declaratory relief, and awards of costs and fees are unavailable to Plaintiff; and

**(v)** Declaratory judgment is issued that joint and several liability is moot under summary judgment and that Eric Crowl is not joint and severally liable – other Defendants are separate legal entities whom are not Defendant Eric Crowl (an individual); and

**(vi)** Other relief the Court deems just and proper **[ ]**: _____

_____

_____

_____

_____

_____

**DATED this _____ day of September, 2025.**

/s/ _____

**United States District Judge**