## FEDERAL DISTRICT COURT
## FOR WESTERN WASHINGTON

PIERCE COUNTY REPUBLICAN PARTY,

    Plaintiff,

v.

ERIC CROWL, et. al.

    Defendant.

Case No. 3:25-cv-05251-BHS

RESPONSE TO DEFENDANT CROWL'S MOTION FOR SUMMARY JUDGEMENT

COMES NOW PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY, by and through their counsel of record Conner Edwards, and respectfully submits this RESPONSE TO DEFENDANT CROWL'S MOTION FOR SUMMARY JUDGEMENT.

## I. RESPONSE

Defendant Crowl's Motion for Summary Judgment is a regurgitation of the same legal arguments he advanced at his Motion to Dismiss per FRCP 12(b)(6). The Court rejected Defendant Crowl's legal arguments then and the Court should reject them now.

**Declarations Submitted by Defendant Crowl**

The only factual support offered by Defendant Crowl is a series of cookie-cutter declarations signed by his internet followers containing legal conclusions and non-supported factual assertions. These declarations are the product of a live internet chatroom (appropriately titled "I DO DECLARE! SIGNING PARTY") hosted by Defendant Crowl on 4/10/25 in which Defendant Crowl solicited his internet followers to sign his declarations to assist his defense. This action verges on outright fraud. These declarations should be entitled no evidentiary weight whatsoever.

RESPONSE TO DEFENDANT CROWL'S MOTION FOR SUMMARY JUDGEMENT- 1

THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**Response to Defendant Crowl's "Free Speech" Argument**

This argument has already been advanced by Defendant Crowl and rejected by the Court. We dispute Defendant Crowl's assertion that his registration of the name "Pierce County Republican Party" as a nonprofit association constitutes protected speech. This argument has been rejected as recently as 2023 by the US Supreme Court which held that speech which misleads as to the source of the communication and violates trademark law is not protected by the First Amendment.[1]

**Response to Defendant Crowl's "No Commercial Act" Argument**

This argument has already been advanced by Defendant Crowl and rejected by the Court. The act of registering a nonprofit association is not speech – it is an act that occurs within the stream of commerce as broadly defined in RCW 19.86.010(2). This act imbues the individual incorporator with limited liability protection. As such it is a commercial act.

Additionally, Defendant Crowl impersonated Plaintiff Pierce County Republican Party on commercial social media platforms. This action constitutes a commercial act.

**Response to Defendant Crowl's "No Damage" Argument**

This argument has already been advanced by Defendant Crowl and rejected by the Court. Defendant Crowl's course of action in registering a non-profit corporation with an identical name to Plaintiff PCRP and impersonating Plaintiff PCRP on social media had a number of damaging effects. Here, we will enumerate a few.

---

[1] *Jack Daniel's Props. v. VIP Prods.*, 143 S.Ct. 1578, 216 L.Ed.2d 161 (2023)

RESPONSE TO DEFENDANT CROWL'S MOTION FOR SUMMARY JUDGEMENT- 2

THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

First, Defendant Crowl injured the plaintiff by creating confusion as to which of the two organizations named "Pierce County Republican Party" was legitimate. In Defendant Crowl's postings: 1) Crowl represented himself as the chair (David McMullan is the actual chair), 2) Crowl represented his organization's headquarters as being in Lakewood (Plaintiff's headquarters are also in Lakewood), 3) Crowl adopted an seal bearing an elephant as his logo (Plaintiff PCRP also has a logo featuring an elephant), 4) Crowl represented his organization as being the "true" local GOP and Plaintiff's organization as illegitimate because it was not incorporated. These actions had the effect of damaging and diluting Plaintiff's brand after decades of being the only "Pierce County Republican Party" in the area.

Second, Defendant Crowl's registration of the name "Pierce County Republican Party" as a nonprofit corporation prevents Plaintiff from registering as a nonprofit corporation, as only one organization may register under a given name.

Third, Defendant Crowl injured the plaintiff by making posts that indicated that Defendant Crowl had been appointed the chair of the Pierce County Republican Party. The association of Defendant Crowl with the Pierce County Republican Party brand damages the reputation of Plaintiff PCRP, which holds itself out to be a pro-law enforcement, pro-law and order, anti-child molestation organization. In contrast, Defendant Crowl is best known for: a) having been arrested in Portland, OR after filming a police shift change with an SUV full of weapon and ammunition,[2] b) for being arrested after he was found by police staring into the garage of a federal worker while not wearing an ankle monitor in violation of the terms of his

---

[2] https://www.cjonline.com/story/news/politics/state/2016/08/09/oregon-police-arrest-armed-man-who-watched-them-months-man-had-lived-manhattan-and/16578408007/

RESPONSE TO DEFENDANT CROWL'S MOTION FOR SUMMARY JUDGEMENT- 3

THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

pretrial release,[3] and c) for harboring his adult son Tyler Crowl in the family home when Tyler Crowl had outstanding felony warrants for raping a toddler.[4] The false message of Defendant Crowl being the chair of the organization diminishes the standing of Plaintiff PCRP in the community.

**Response to Defendant Crowl's Argument that PCRP Has No Valid Mark**

Defendant Crowl has offered no relevant authority (or even much argument) to support his position. Plaintiff Pierce County Republican Party has operated in Pierce County since at least the 1960s but likely has operated since statehood. In living memory, it is the only organization known by that name that carries on business except for Defendant Crowl's fraudulent nonprofit corporation.

Section 43(a) of the Lanham provides, in pertinent part, as follows:

*"Any person who shall ... [1] use in connection with any goods or services ... [2] a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same ... [3] shall be liable to a civil action by any person ... [4] who believes that he is or is likely to be damaged by use of any such false description or representation."*

It has been well established that charitable, educational, and other non-profit organizations are entitled to the protections of the Lanham Act. A decision regarding an analogous case brought under the Lanham Act summed up the issue well with a quote.

---

[3] https://katu.com/news/local/armed-man-who-filmed-portland-police-returns-to-jail
[4] https://brandikruse.locals.com/post/6810552/exclusive-when-being-a-social-media-troll-comes-back-to-bite-you-hard

RESPONSE TO DEFENDANT CROWL'S MOTION FOR SUMMARY JUDGEMENT- 4

THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

*"The fact that an organization is non-profit and sells no goods does not take it out of the protection of the law of unfair competition… …[t]he retention of a distinct identity here is just as important as it is to a commercial company. If the distinct identity of such non-profit organizations is lost through a confusingly similar use of a name by another, then it is obvious that the organization will have serious difficulty in raising funds and attracting members and support."*[5]

## II. CONCLUSION

For the foregoing reasons, we respectfully request that the Court DENY Defendant Crowl's Motion for Summary Judgement.

DATED this September 29, 2025

**CG EDWARDS PLLC**

**Conner Edwards, WSBA No. 62961**
**Attorney for Plaintiff PCRP**

---

[5] *Committee for Idaho High Desert v. Yost*, 881 F. Supp. 1457 (D. Idaho 1995) (quoting McCarthy on Trademarks and Unfair Competition (3d ed. 1994))

RESPONSE TO DEFENDANT CROWL'S MOTION FOR SUMMARY JUDGEMENT- 5

THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of the foregoing RESPONSE TO DEFENDANT CROWL'S MOTION FOR SUMMARY JUDGEMENT and accompanying documents to DEFENDANT ERIC CROWL, at 10002 112th ST SW, LAKEWOOD, WA 98498, postage prepaid.

**September 29, 2025**
**Date**

_____

**Conner Edwards, WSBA No. 62961**
**Attorney for PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY**

RESPONSE TO DEFENDANT CROWL'S MOTION FOR SUMMARY JUDGEMENT- 6

THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell