**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY ) <br> (an unincorporated association) ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERIC CROWL ) <br> (*an individual*), ) <br> ) <br> PIERCE COUNTY REPUBLICAN PARTY ) <br> (a *nonprofit corporation*), ) <br> ) <br> WASHINGTON47 PAC ) <br> (*a nonprofit corporation*), ) <br> ) <br> *Defendants* ) <br> ) | **Case No:** 3:25-cv-05251-BHS <br><br> **REPLY TO RESPONSE TO SPECIAL MOTION FOR EXPEDITED RELIEF** |

**COMES NOW, Defendant,** Eric Crowl, appearing pro se, and submits this Reply to Plaintiff's Response to Defendant Crowl's Expedited Motion for Special Relief (Doc. 80). This reply provides a detailed rebuttal to Plaintiff's arguments, incorporates evidence from the Declaration of David McMullan (Doc. 89-2), Declaration of Conner Edwards (Doc. 89-1), and Exhibit A from Doc. 90, and the Special Motion for Expedited Relief (Doc. 85), and reinforces the legal foundation for Defendant's motion under the Uniform Public Expression Protection Act (UPEPA), codified at RCW 4.105. The reply addresses the substantive and procedural issues raised, emphasizing the lack of commercial activity, the protected nature of Defendant's speech, and Plaintiff's failure to meet its evidentiary burden.

### I. RESPONSE TO PLAINTIFF'S ARGUMENTS

1. **Clarification on Registration and Commerce:** Plaintiff argues that Defendant's registration of an organization bearing the name "Pierce County Republican Party" constitutes a commercial

act under RCW 19.86.010(2), thereby triggering CPA liability (Doc. 88, p. 2). This assertion is legally untenable. Registration under RCW 24.03A is a procedural formality that provides limited liability protection to the incorporator, not an engagement in trade or commerce. The Declaration of David McMullan (Doc. 89-2, paras. 3-4) establishes that Plaintiff Pierce County Republican Party (PCRP) is an unincorporated, bona fide county political party headquartered at 10209 Bridgeport Way SW, #C1, Lakewood, WA 98499, operating since at least 1964, with activities including voter outreach, candidate recruitment, caucuses, fundraising, volunteer coordination, get-out-the-vote efforts, platform development, and community engagement. Critically, Exhibit A from Doc. 90, a social media post by David McMullan dated October 2, 2025, states, "Political parties do not have a product to sell, everything we do is donations." This admission by Plaintiff's chair directly contradicts its CPA claim, as it confirms PCRP does not engage in commerce, a prerequisite for CPA liability. The act of registration lacks the economic transaction or profit motive required, rendering Plaintiff's argument baseless.

**2. Inapplicability of Commercial Damage Under the CPA:** Plaintiff's claim of commercial damage under the CPA (RCW 19.86.020) is unsupported. The CPA requires proof of injury to business or property resulting from an unfair or deceptive act in trade or commerce. Defendant's use of the name for expressive purposes—documented in Declarations (Docs. 32-38, 49) and Exhibit A (Doc. 90)—involves no commercial transactions. The Declaration of David McMullan (Doc. 89-2, paras. 5-7) alleges damages, including public confusion, prevention of PCRP's nonprofit registration, and reputational harm due to Defendant's personal history (e.g., alleged acts of himself or his family in Portland and Lakewood, Doc. 89-2, para. 7). However, these are speculative claims lacking quantifiable economic losses. The Declaration of Conner Edwards (Doc. 89-1, paras. 2-5) provides screenshots of social media posts (e.g., March 7 and 8, 2025) showing alleged claims of Plaintiff being Plaintiff's (PCRP) Chair and owner, and hosting a PCO

1 Townhall, but these depict expressive statements, not commercial activity – and contain clear source Identifiers showing nonprofit corporations acting as themselves (e.g. not Plaintiff). Given Plaintiff's admission that "everything we do is donations" (Doc. 90, Exhibit A), no commercial damage can arise, further undermining the CPA claim.

**3. Absence of Evidence Supporting Plaintiff's Claims:** Plaintiff has not provided concrete evidence that Defendant engaged in commerce, caused actual damages, or that Defendant's actions were unprotected speech. Defendant's Declarations (Docs. 32-38, 49) and Exhibit A (Doc. 90) affirm no trade, solicitation, production, manufacture, or sale of goods or services occurred while using the name, a point reinforced by public disclosures of intent to engage in parody and criticism (Doc. 85, para. 3). Plaintiff's Declarations (Docs. 89-1, 89-2) rely on anecdotal screenshots taken out of context, and wild unfounded claims of reputational harm claims (unsubstantiated by any evidence), which do not constitute proof of commercial harm or unprotected speech – in fact. The burden under UPEPA (RCW 4.105.030) to demonstrate prima facie evidence of injury remains unmet by Plaintiff.

**4. Protected Speech Under UPEPA and Inapplicability of Jack Daniel's:** Plaintiff cites Jack Daniel's Props. v. VIP Prods., 143 S.Ct. 1578, 216 L.Ed.2d 161 (2023), to argue that Defendant's speech, which misleads the source of communication and violates trademark law, is not protected by the First Amendment (Doc. 88, p. 2). This reliance is misplaced. Jack Daniel's addresses federal trademark infringement under the Lanham Act, focusing on commercial use of trademarks that confuse consumers about product source, and does not apply to the Washington CPA, which requires a distinct showing of trade or commerce (RCW 19.86.010(2)). Defendant's use of the name for mockery, parody, and criticism—supported by Declarations (Docs. 32-38, 49)—is protected expression under UPEPA (RCW 4.105.010(2)). Plaintiff's claim that registration is a commercial act that harms Plaintiff is further contradicted by Plaintiffs'

public admission that it has no products it sells (Doc. 90, Exhibit A), further negating any commercial use argument.

5. **Procedural Validity and Noting Date Adjustment:** Plaintiff challenges the noting date of Defendant's motion, filed on 9/8/25 and noted for 9/15/25, as improper under Local Civil Rule (LCR) 7(d)(3) or (4), suggesting it resembles a summary judgment motion (Doc. 88, p. 1). However, the docket reflects that the Clerk adjusted the noting dates to comply with FRCP and RCW considerations: the Motion for Expedited Relief (Doc. 85) was reset to 9/29/2025, and the Motion for Summary Judgment (Doc. 87) to 10/6/2025 (Entries 09/09/2025). These adjustments ensure procedural fairness and align with the statutory pause of discovery under RCW 4.105.040, supporting the expedited nature of this motion. Plaintiff's argument is meritless.

6. **Prior Judicial Ruling and Burden of Proof:** Plaintiff asserts that Judge Settle rejected similar arguments at the 9/8/25 hearing, as referenced in their response to Defendant's 12(b)(6) Motion to Dismiss (Doc. 88, p. 2). However, this hearing addressed a different motion context, and no final ruling on the UPEPA motion's merits has been issued. The current motion introduces new considerations, including the statutory pause and burden-shifting framework under RCW 4.105.030, which were not fully adjudicated; nor did Judge Settle actually rule on Defendantss affirmative Defenses in any material form (nor could he under any rule or law at a facial-challenge stage). Plaintiff's burden to demonstrate unprotected speech, a substantial legal basis, or irreparable injury remains unmet, as evidenced by the lack of supporting documentation beyond biased Declarations (Docs. 89-1, 89-2) and a complete lack of any other evidence supporting Plaintiff's claims – entirely failing the burden of proof required under UPEPA.

7. **Claims and Relief Sought in Amended Complaint:** The Amended Complaint (Doc. 15) seeks damages, injunctive relief, and other remedies under the CPA, alleging unfair competition and deceptive practices. These claims rely on asserted commercial harm. However, absent

1 | evidence of trade or commerce, public interest injury, and actual damages—none demonstrated
2 | by Plaintiff—these remedies cannot be granted. The Declaration of David McMullan (Doc. 89-2,
3 | para. 6) lists vague damages (e.g., mere statements alleging public confusion unsupported by
4 | actual evidence), and these are speculative and lack a causal link to commercial activity required
5 | by RCW 19.86.020, especially given Plaintiff's non-commercial status (Doc. 90, Exhibit A).

## II. LEGAL ANALYSIS

1. **UPEPA Framework:** Under RCW 4.105.030, Defendant has made a prima facie showing that the CPA claim arises from protected public expression on a public issue (RCW 4.105.010(2)), shifting the burden to Plaintiff to prove: (a) the act was unprotected; (b) the claim has a substantial basis in law; or (c) irreparable injury would occur without relief. Plaintiff's failure to provide evidence of commerce or damages, combined with its admission of non-commercial activity (Doc. 90, Exhibit A), fails to meet this burden.

2. **CPA Requirements:** RCW 19.86.020 requires proof of an unfair or deceptive act in trade or commerce, affecting public interest, injuring Plaintiff's business or property, and a causal link to the injury. Defendant's Declarations (Docs. 32-38, 49) and Exhibit A (Doc. 90) establish no commercial activity occurred, and Plaintiff's non-commercial status (Docs. 89-2, 90, Exhibit A) negates commercial damage. The screenshots in Doc. 89-1 (paras. 2-5) depict expressive posts, not commercial transactions.

3. **Erie Doctrine:** The Erie doctrine (Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)) mandates applying Washington state substantive law, including UPEPA, to state law claims in federal court. Plaintiff's argument that UPEPA abrogates federal procedure (Doc. 88, p. 1) is incorrect, as the statute complements rather than supplants FRCP, particularly in diversity or supplemental jurisdiction cases.

## III. CONCLUSION

1  For the foregoing reasons, Defendant Eric Crowl respectfully requests that this Court **GRANT** the Expedited Motion for Special Relief pursuant to RCW 4.105, dismiss the state law claims under the Washington Consumer Protection Act (RCW 19.86) with prejudice, and award any other relief the Court deems just and proper. The lack of evidence supporting Plaintiff's claims, combined with the protected nature of Defendant's speech, Plaintiff's admission that it does not engage in commerce (Doc. 90, Exhibit A), and the procedural adjustments by the Clerk, warrants dismissal and protection from undue litigation burden.

**DATED this 3rd day of October, 2025, at Lakewood, WA.**

**Respectfully Submitted,**

/s/ Eric Eugene Crowl

**Eric Crowl, Defendant, Pro Se**