UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ERIC EUGENE CROWL,<br><br>　　　　　　Defendant. | CASE NO. C25-5251 BHS<br><br>ORDER |

THIS MATTER is before the Court on five motions, all filed since the Court held a hearing to deny as meritless nine prior motions, and to encourage the parties to refrain from such wasteful filings in the future. It also informed the parties of its view that the dispute could and should be resolved on a default judgment as to the already defaulted non-profit LLCs, or by summary judgment, minimizing or obviating the need for further personal interaction, extensive discovery or motions practice, or a trial.

The parties' subsequent filings, and their recent disrespectful email exchanges with each other and the Court demonstrate that the Court's message was not received.

The issues are addressed in logical order.

ORDER - 1

1    **1.    PCRP's second motion for default is DENIED.**

2    PCRP has only one pending motion, a second motion for default.[1] It asserts that

3 Crowl had 14 days to Answer its Complaint after the Court denied PCRP's Rule 12(b)(6)

4 motion to dismiss. Dkt. 94 at 1 (citing Rule 12(a)(4)). PCRP's motion explains that it will

5 in time also seek a default judgment, because the facts of the case are "relatively straight

6 forward and not seriously contested."[2] *Id.* at 2.

7    Crowl filed his Answer the next day. To be sure, it is not in the usual form, and it

8 does not respond to PCRP's complaint paragraph by paragraph. But it does "summarily

---

[1] PCRP's first motion for default, Dkt. 31, was granted as to Crowl's non-profit entities, but denied as to Crowl because he had filed a Rule 12(b)(6) motion to dismiss. Dkt. 43. For reasons that remain unclear, PCRP has not sought a default judgment against the non-profit, in-default defendants.

[2] PCRP's counsel repeats this claim in his recent emails to the Courtroom Deputy: "Because the facts and law in this case is so straightforward, we are hoping to resolve this litigation through default judgement." A default judgment is not the appropriate mechanism for resolving a case that is "straightforward." Instead, a default judgment resolves cases, unlike this one, in which the defendant has not appeared or defended.

Counsel's emails also inform the Courtroom Deputy of his belief that Crowl has been "uncooperative" throughout the case, that various motions had been pending for 45 days, and of his "hope" that Court will resolve the pending motions this week. Crowl predictably responded with his own arguments, and counsel predictably replied. And then they went another round, attaching pdf copies of already-filed pending motions for the Courtroom Deputy's review. This is not helpful, to put it mildly.

*Any* argument or objection or complaint or request that a party may have about any matter it truly believes is worthy of the Court's attention should be addressed to the Court in a written motion, served, filed and noted on the docket for the Court's consideration under the Federal Rules of Civil Procedure—including Rule 11, which applies to pro se litigants. It is wholly inappropriate to email Court staff to argue the merits of a pending motion or dispute, or to complain about an adversary (or the Court).

Litigants and attorneys may contact the Courtroom Deputy *only* about scheduling issues and other logistical matters, and they may do so only with common courtesy and common sense. The Courtroom Deputy is not a concierge assigned to arbitrate this case. Future emails of this nature will result in sanctions payable to the Court.

deny the allegations in the original and amended complaints," and refers the reader to his numerous other filings in this case for his position on the merits. Crowl proclaims that he is not in default and that the Court would be "foolish" to "entertain" PCRP's "wild theory of law." Dkt. 95 at 2.

PCRP's reply asserts that Crowl's filing "purports to be an Answer, **but it is not**." Dkt. 97 at 1 (emphasis in original). It contends that FRCP 8 requires Crowl to "admit or deny the factual allegations made against him," and that Crowl has failed to do so. *Id.*

A pro se litigant is not held to the same standard as a licensed attorney. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). Regardless of technical deficiencies, a pro se litigant's pleading should be judged only by function, not form. *Id.*

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters default, a party must seek entry of default judgment under Rule 55(b). The motions may be filed together.

A defendant is required to state in "short and plain terms" its defenses to each claim asserted against it, and to "admit or deny the factual allegations asserted against it by the opposing party." Fed. R. Civ. P. 8(b)(1). Crowl's Answer "summarily denied" all of PCRP's factual allegations. Dkt. 95. Crowl has appeared, answered, and otherwise sought to defend himself.

1    PCRP repeatedly asserts that the facts are "straightforward" and that they are "not
2    seriously contested." If this is true, Crowl's failure to specifically deny each of PCRP's
3    factual allegations is unlikely to hamper PCRP's efficient prosecution of its
4    uncomplicated case. Pleadings are of "limited importance" of in federal practice.
5    Schwarzer, et al., Federal Civil Procedure § 9:375 (citing *Colaprico v. Sun Microsystems,*
6    *Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).

   It is inefficient for the parties and the Court to litigate whether a party has sufficiently specifically admitted or denied each of plaintiff's allegations, particularly where the plaintiff apparently believes that the evidence and law are not seriously in dispute. The appropriate method for resolving such a case is a Rule 56 motion for summary judgment, not a motion for default, or some future motion for default judgment.

   Rule 55 applies where a defendant has not "answered or otherwise defended" itself. That is not this case. PCRP's motion for default is **DENIED**. If necessary, PCRP can address any specific factual denial through various discovery mechanisms.

**2.    Crowl's special expedited UPEPA motion is DENIED.**

   For his part, pro se Defendant Crowl filed a state law Uniform Public Expression Protection Act (UPEPA) "special motion for expedited relief," within hours of the prior hearing. Dkt. 85. He contends that under *Erie*, state law applies to PCRP's state law Consumer Protection Act (CPA) claim. *Id.* at 1. Citing his own self-serving, conclusory

declaration, and identically worded declarations from his "witnesses,"[3] Crowl contends that he has established a prima facie case that his use of the name "Pierce County Republican Party" is a "protected speech exercise" expressing his "mockery of the Plaintiff." *Id*. at 2 (citing Dkts. 32, 33, 34, 35, 36, 37, 38, and 39).

Crowl states his conduct was in furtherance of free speech on a public issue, and that his motion has therefore (1) placed on PCRP the burden to demonstrate the merits of its claim (a burden it has always carried), and (2) "automatically stayed all discovery." *Id*. at 3. He does not otherwise argue that the UPEPA applies to PCRP's core federal Lanham Act trademark infringement claim, and it plainly does not. Thus, it is worth noting, even an automatic state law discovery stay could not as a matter of law apply to outstanding or ongoing discovery on a federal Lanham Act claim. And that claim, and this case, would remain, even if the Court granted Crowl's motion.

PCRP responds that the Court already correctly held that speech which misidentifies the source of the communication and violates federal trademark law is not protected by the First Amendment. Dkt. 88. PCRP's Response does not address the CPA claim to which Crowl's motion appears to be directed.

Nevertheless, the rule of liberal construction discussed above does not apply to a pro se litigant's own dispositive motions. A pro se litigant is not excused from following the rules of civil procedure, or evidence. Although the Court must construe his complaint

---

[3] PCRP asserts that Crowl wrote these "cookie cutter" declarations and that they were "signed" in an "online chat room," Crowl hosted on April 10, 2025. Dkt. 89. It cites no evidence to support that allegation.

liberally, a pro se litigant "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925–28 (9th Cir. 2012). Pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys. *Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1986)).

Crowl's motion does not address the substance of the UPEPA. The UPEPA applies when a complaint is based on the individual's ''[e]xercise of the right of freedom of speech or of the press, the right to assemble or petition, or the right of association, guaranteed by the United States Constitution or Washington state Constitution, on a matter of public concern." *See M.G. v. Bainbridge Island School Dist, #303*, 34 Wn. App. 2d 51, 71 (2025) (citing RCW 4.105.010(2)(c). Whether speech is on a matter of public concern is a question of *law*, not fact. *Id.* Accordingly, Crowl's opinion testimony and that of his witnesses is of no moment. Despite the volume of his filings, Crowl has not cited any binding or persuasive state or federal authority for the proposition that his co-opting the PCRP's long-used name is a protected exercise of his First Amendment rights.

Until and unless a defendant makes such a showing, no burden "shifts" to the plaintiff, and the defendant is not entitled to dismissal. Crowl has not established that his incorporation and use of the name "Pierce County Republican Party" as a means of "mocking" the Pierce County Republican Party is protected speech on a matter of public concern as a matter of law. His UPEPA motion is **DENIED**.

### 3. Crowl's summary judgment motions are DENIED.

Crowl has two pending separate summary judgment motions. Dkts. 87 and 92. The first asserts that his use of the name "Pierce County Republican Party" is used only as a protected-speech exercise by defendant. He attempts to "prove" this assertion with eight identical Declarations:

> I know it to be certain that the use of the name "Pierce County Republican Party" has been used as a protected-speech exercise by Defendants, namely:
> a. To bring public attention to the Plaintiff's failure to register and secure their namesake(s); and
> b. To mock, parody, criticize, and otherwise make fun of Plaintiff in various capacities.

*See* Dkts. 32–39.

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the *light most favorable to the nonmoving party* and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986) (emphasis added); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).

A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. The moving party bears the initial burden of showing that there is no evidence

that supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

Crowl's "evidence" is not admissible, and even if it was the Court would accord it no weight under the summary judgment standard. These conclusory, signed-under-penalty-of-perjury, identical lay legal opinions from unknown persons are not enough to defeat, much less obtain, summary judgment. Crowl's first summary judgment motion, Dkt. 85, is **DENIED**.

Crowl's second summary judgment motion is based on a social media post he apparently claims PCRP made, explaining that all its income is from donations, and that it will therefore not pay sales tax on any of its events. Dkt. 92 at 5. He argues without citation that the Lanham Act requires PCRP to prove that his "actions involve commercial activity affecting others." *Id.* at 2. He contends that because PCRP posted on social media that it relies only on donations, it cannot show that Crowl's use of PCRP's name causes confusion in commercial activity affecting others as a matter of law. *Id.* Crowl cites not a single case or any other authority supporting this position. Nor is the social media post properly before the Court as evidence; it is not attached to a Declaration attesting to its authenticity.

Crowl's second summary judgment motion, Dkt. 92, is **DENIED**.

**4.      Crowl's Rule 41(b) motion to dismiss with prejudice is DENIED.**

Finally, Crowl moves to dismiss PCRP's claims with prejudice under Rule 41(b) because, he claims, the Court tasked PCRP's counsel with "taking the lead" on filing a Joint Status Report, and he has failed to do so. Dkt. 96. He cites no authority supporting this draconian sanction, and it is not one he would want the Court to impose so haphazardly, particularly where he is so adamant about his refusal to discuss any matters with counsel on the phone or in person. Crowl's motion is without merit and it is **DENIED**. Counsel shall engage Crowl by email to exchange proposals for a Joint Status Report.

The parties shall file a Joint Status Report within 10 days. They should be prepared to share with the Court every email between them on this topic, attached to a properly sworn Declaration and filed on CM/ECF. If the Joint Status Report is not timely filed, the party responsible for the delay will be sanctioned, up to and including dismissal or the entry of a default judgment. Litigants in this Federal District Court will not conduct themselves as the litigants in this case have so far, without consequences.

* * *

Going forward, the losing party on any motion of the sort resolved in this or the Court's prior orders will be subject to monetary or other sanction. Do not waste the Court's or each other's time on petty disputes, or unproductive, unsupported motions. Do not litigate or complain about each other or the Court to the Courtroom Deputy.

**IT IS SO ORDERED**.

//

1 | Dated this 3rd day of December, 2025.

BENJAMIN H. SETTLE
United States District Judge