UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY, <br><br> Plaintiff, <br><br> v. <br><br> ERIC EUGENE CROWL, <br><br> Defendant. | CASE NO. C25-5251 BHS <br><br> ORDER |

THIS MATTER is before the Court on pro se defendant Eric Crowl's motions for reconsideration, Dkts. 104 and 105, both asking the court to reconsider its Order, Dkt. 102, denying his motions for summary judgment and for dismissal under UPEPA, Dkts. 85, 87, and 92.

Motions for reconsideration are disfavored and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling or (b) facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence. *See* Local Rule 7(h)(1); *see also Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted,

ORDER - 1

absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). The term "manifest error" is "an error that is plain and indisputable and that amounts to a complete disregard of the controlling law or the credible evidence in the record." BLACK'S LAW DICTIONARY 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration should not be used to ask a court to rethink what the court has already thought through, whether rightly or wrongly. *See Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005). Whether or not to grant reconsideration is committed to the sound discretion of the Court. *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Crowl's motions (like many of his numerous prior motions) were expressly based on plainly inadmissible identical declarations of eight random people, unknown to the Court (and which PCRP plausibly asserts are unknown to Crowl himself). These declarations are an insufficient basis for dismissal, as a matter of law.

1 | Crowl has not established that his conduct was a protected expression of his first
2 | amendment rights, and his UPEPA arguments have no bearing on PCRP's Lanham Act
3 | claim in any event.
4 | Crowl's motions for reconsideration, Dkts. 104 and 105, are **DENIED**. He may
5 | reiterate, expand upon, and apply his legal arguments to the actual evidence in future
6 | filings consistent with the Civil Rules. The Court's warnings about the frequency and
7 | content of such filings remain in effect.
8 | **IT IS SO ORDERED**.
9 | Dated this 5th day of December, 2025.

BENJAMIN H. SETTLE
United States District Judge