	**Conner Edwards <cg.edwards53@gmail.com>**

## Draft Proposed JSR

**Conner Edwards** <cg.edwards53@gmail.com>	Fri, Dec 12, 2025 at 11:32 AM
To: Eric Crowl <eric.crowl@citizenobservers.org>

Hi Mr. Crowl:

Are you open to working with me to submit the Joint Status Report? Have you looked at the draft proposal I sent on December 8th? Please let me know.

**Conner Edwards**
Attorney, CG Edwards, PLLC
PO Box 12082
Seattle, WA 98102
WSBA # 62961
(425) 533-1677 cell
CG.Edwards53@gmail.com

> On Thu, Dec 11, 2025 at 7:55 PM Conner Edwards <cg.edwards53@gmail.com> wrote:
>> Hi Mr. Crowl: Just hoping to connect with you to discuss the Joint Status Report. Is now a good time to talk?
>>
>> **Conner Edwards**
>> Attorney, CG Edwards, PLLC
>> PO Box 12082
>> Seattle, WA 98102
>> WSBA # 62961
>> (425) 533-1677 cell
>> CG.Edwards53@gmail.com
>>
>>
>> On Tue, Dec 9, 2025 at 4:50 PM Conner Edwards <cg.edwards53@gmail.com> wrote:
>>> Hello Mr. Crowl:
>>>
>>> I just wanted to check in since I haven't heard back from you. Please let me know if you've changed your mind and would like to work on this Joint Status Report with me.
>>>
>>> **Conner Edwards**
>>> Attorney, CG Edwards, PLLC
>>> PO Box 12082
>>> Seattle, WA 98102
>>> WSBA # 62961
>>> (425) 533-1677 cell
>>> CG.Edwards53@gmail.com
>>>
>>>
>>> On Mon, Dec 8, 2025 at 10:19 AM Conner Edwards <cg.edwards53@gmail.com> wrote:
>>>> Hi Mr. Crowl:
>>>>
>>>> You've indicated (in ECF #111) that you believe that your appeal stays submission of the Joint Status Report in this case pending the appeal.
>>>>
>>>> Just in case you want to reconsider, I've attached a draft Joint Status Report, please let me know if you've changed your mind and would like to work on this with me.
>>>>
>>>> **Conner Edwards**

Attorney, CG Edwards, PLLC
PO Box 12082
Seattle, WA 98102
WSBA # 62961
(425) 533-1677 cell
CG.Edwards53@gmail.com


On Fri, Dec 5, 2025 at 9:46 PM Conner Edwards <cg.edwards53@gmail.com> wrote:
> Hi Mr. Crowl:
>
> Can you describe why you believe you can assert a counterclaim under UPEPA to create a stay? UPEPA does allow litigations to file motions (which you have already done), but there is no such thing as a UPEPA counterclaim.
>
> At any rate, would you have any objection to us setting an actual firm calendar day for the individual deadlines? If the Court ultimately does find that a stay is appropriate, the Court can alter the deadlines.
>
> **Conner Edwards**
> Attorney, CG Edwards, PLLC
> PO Box 12082
> Seattle, WA 98102
> WSBA # 62961
> (425) 533-1677 cell
> CG.Edwards53@gmail.com
>
>
> On Fri, Dec 5, 2025 at 4:53 PM Eric Crowl <eric.crowl@citizenobservers.org> wrote:
>> Hi,
>>
>> I sent you the updated draft that included your requested edits, on 12/3 — requesting you edit and send a copy back, with tracked changes.
>>
>> I filed a counter claim including UPEPA, which is different than a UPEPA motion — but, it still has the same force and effect of staying discovery.
>>
>> Regards.
>>
>> - EC
>>
>>
>>> **From:** Eric Crowl <eric.crowl@citizenobservers.org>
>>> **Sent:** Wednesday, December 3, 2025 8:20 PM
>>> **To:** Conner Edwards <cg.edwards53@gmail.com>
>>> **Subject:** Re: Draft Proposed JSR
>>>
>>> Updated - again, please edit and return with tracked changes.
>>>
>>> - EC
>>>
>>>
>>>> **From:** Conner Edwards <cg.edwards53@gmail.com>
>>>> **Sent:** Friday, December 5, 2025 12:19 PM
>>>> **To:** Eric Crowl <eric.crowl@citizenobservers.org>
>>>> **Subject:** Re: Draft Proposed JSR

Hello Mr. Crowl:

Just wanted to touch base, are you able to respond to my previous e-mail? From our perspective the draft proposal presents a problem with the dates as we don't believe that there is any stay now that the UPEPA motion has been denied. Was hoping to hear from you what you believe the basis for the stay is so that we can get on the same page.

**Conner Edwards**
Attorney, CG Edwards, PLLC
PO Box 12082
Seattle, WA 98102
WSBA # 62961
(425) 533-1677 cell
CG.Edwards53@gmail.com


On Wed, Dec 3, 2025 at 8:29 PM Conner Edwards <cg.edwards53@gmail.com> wrote:
> Thank you Mr. Crowl: this looks like progress in the correct direction.
>
> One of the big sticking points appears related to the "UPEPA stay" that you reference. Your UPEPA motion was denied earlier today.
>
> Can you briefly describe what you believe entitles you to a stay under UPEPA?
>
> On Wed, Dec 3, 2025 at 8:20 PM Eric Crowl <eric.crowl@citizenobservers.org> wrote:
>> Updated - again, please edit and return with tracked changes.
>>
>> - EC
>>
>> ---
>>
>> **From:** Conner Edwards <cg.edwards53@gmail.com>
>> **Sent:** Wednesday, December 3, 2025 6:15 PM
>> **To:** Eric Crowl <eric.crowl@citizenobservers.org>
>> **Subject:** Re: Draft Proposed JSR
>>
>> Hi Mr. Crowl:
>>
>> Thank you for your e-mail. Unfortunately, it looks like your draft version is missing some of the information that joint status reports usually include. Below is a template from the Western District of the information that is usually included in this report. The version I sent to you back in July is also attached.
>>
>> **Conner Edwards**
>> Attorney, CG Edwards, PLLC
>> PO Box 12082
>> Seattle, WA 98102
>> WSBA # 62961
>> (425) 533-1677 cell
>> CG.Edwards53@gmail.com
>>
>>
>> 1. A statement of the nature and complexity of the case.
>>
>> 2. A proposed deadline for joining additional parties.
>>
>> 3. The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13 to conduct all proceedings.  The Western District of Washington assigns a wide range of cases

to Magistrate Judges.  The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court.  Additional information about our district's Magistrate Judges can be found at wawd.uscourts.gov.  The parties should indicate whether they agree that the Honorable S. Kate Vaughan may conduct all proceedings including trial and the entry of judgment.  When responding to this question, the parties should only respond "yes" or "no". Individual party responses should not be provided. A "yes" response should be indicated only if all parties consent.  Otherwise, a "no" response should be provided.

    4.  A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items set forth in Fed. R. Civ. P. 26(f)(3), which includes the following topics:

      (A) initial disclosures;

      (B) subjects, timing, and potential phasing of discovery;

      (C) electronically stored information;

      (D) privilege issues;

      (E) proposed limitations on discovery; and

      (F) the need for any discovery related orders.

    5.  The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

      (A) prompt case resolution;

      (B) alternative dispute resolution;

      (C) related cases;

      (D) discovery management;

      (E) anticipated discovery sought;

      (F) phasing motions;

      (G) preservation of discoverable information;

      (H) privilege issues;

      (I) Model Protocol for Discovery of ESI; and

      (J) alternatives to Model Protocol.

    6.  The date by which discovery can be completed.

    7.    Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

    8.    Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

    9.    Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

    10.    Any other suggestions for shortening or simplifying the case.

    11.    The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

    12.    Whether the trial will be jury or non-jury.

    13.    The number of trial days required.

    14.    The names, addresses, and telephone numbers of all trial counsel.

    15.    The dates on which trial counsel may have complications to be considered in setting a trial date.

    16.    If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

    17.    Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.

    18.    List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1.

On Wed, Dec 3, 2025 at 4:03 PM Eric Crowl <eric.crowl@citizenobservers.org> wrote:
> Dear Mr. Edwards,
>
> Attached is a **working draft** of the Joint Status Report for your review and additions.
>
> Please insert Plaintiff's position wherever you see **fit** or add new sections as needed, then return your revised version by e-mail (as a word document attachment) to me by Monday, December 9, 2025.
>
> If I do not receive your edits by that date, I will file this as an Individual Status Report noting the lack of conferral.

> Thank you.
>
> Eric Eugene Crowl
> Pro Se Defendant

--

Best,

Conner Edwards
(425) 533-1677 cell

--

Best,

Conner Edwards
(425) 533-1677 cell

--

Best,

Conner Edwards
(425) 533-1677 cell

--

Best,

Conner Edwards
(425) 533-1677 cell

--

Best,

Conner Edwards
(425) 533-1677 cell

--

Best,

Conner Edwards
(425) 533-1677 cell

--

Best,

Conner Edwards
(425) 533-1677 cell

--

Best,

Conner Edwards
(425) 533-1677 cell