# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY, | Case No. 25-7707 |
| Plaintiff, | |
| v. | MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION |
| ERIC CROWL, et. al, | |
| Defendant. | |

COMES NOW PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY, by and through their counsel of record Conner Edwards, and respectfully submits this MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION.

## I. LEGAL AUTHORITY FOR MOTION

Circuit Rule 3-6 provides that: "[a]t any time prior to the disposition of a civil appeal or petition for review if the Court determines that the appeal is not within its jurisdiction, the Court may issue an order dismissing the appeal without notice or further proceedings."

## II. BACKGROUND

The final judgment rule is a foundational principle of U.S. appellate procedure. It provides that a party may generally appeal only after the trial court has issued a final judgment — meaning the decision ends the litigation on the merits and leaves nothing left for the court to do except execute the judgment. This rule prevents piecemeal appeals and promotes judicial

MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION- 1

THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

efficiency by ensuring that appellate courts review cases only once the trial court has fully resolved them.[1]

The orders (ECF 102 & 108 – also attached to this motion) which Defendant Crowl seeks to appeal are not final judgements because they do not resolve the case. Defendant Crowl asserts 28 U.S.C. § 1292(a)(1) and also cites *Batzel v. Smith*, 333 F.3d 21 1018 (9th Cir. 2003) as the basis for his appeal. 28 U.S.C. § 1292(a)(1) is not applicable as the interlocutory order being appealed does not relate to an injunction.

By citing the *Batzel* case, Defendant Crowl is invoking the collateral order doctrine. To fall into this narrow class of appealable nonfinal orders, a district court decision must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." [2]

In total, Defendant Crowl cites 8 separate issues for appeal (lettered A through H).[3] Of these, only C, D, E, and F collectively form a coherent basis for an interlocutory appeal under the collateral order doctrine. In essence, these four issues constitute Defendant Crowl's attempt to appeal the denial of his anti-SLAPP motion by the trial court. The rest of the issues cited are purely frivolous appeals of interlocutory orders (or, in one instance, "anticipated" interlocutory orders) that have <u>not</u> been certified for appeal as required by 28 U.S.C. § 1292(b).

---

[1] 28 U.S.C. § 1291

[2] *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)

[3] Exhibit A – Notice of Appeal by Defendant Crowl **-** ECF 109, pgs. 1-2.

MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION- 2

THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

The *Batzel* case was recently overruled, with an *en banc* panel of the 9th Circuit Court of Appeals finding that denial of an anti-SLAPP motion does not satisfy the requirements for an interlocutory appeal under the collateral order doctrine.[4] In overturning *Batzel,* the 9th Circuit Court of Appeals determined that an order denying an anti-SLAPP motion does not resolve issues "completely separate from the merits of the action" and does not render the decision "effectively unreviewable on appeal from a final judgment."[5]. The order that Defendant Crowl is appealing is Washington's version of the anti-SLAPP statute (known as UPEPA).

As noted in the Court's order[6] being appealed, Defendant Crowl's anti-SLAPP motion only applies to Plaintiff's state law claim.[7] A federal claim for violation of the Lanham Act is also part of the case, meaning that even if *Batzel* had not been overturned, the order should not be appealable under the collateral order doctrine.

### III. CONCLUSION

For the foregoing reasons, we respectfully request that the Court GRANT our MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION.

.       DATED this December 10, 2025

**CG EDWARDS PLLC**

**Conner Edwards, WSBA No. 62961**
**Attorney for PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY**

---

[4] *Gopher Media LLC v. Melone*, 24-2626 (9th Cir. Oct 09, 2025)

[5] *Id.*, pg 5.

[6] Exhibit B – Order - ECF 102, pg. 5, line 9.

[7] RCW 4.105.010(3)(a)(xii)

MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION- 3

THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**<u>CERTIFICATE OF SERVICE</u>**

I certify that I mailed a copy of the foregoing MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION and accompanying documents to ERIC CROWL, at 10002 112th ST SW, Lakewood, WA 98498, postage prepaid.

**<u>December 10, 2025</u>**
**Date**

_____
**Conner Edwards, WSBA No. 62961**
**Attorney for PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY**

MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION- 4

THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell